## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BRITTANY GRAHAM,**

        **Plaintiff,**                       **Case No.:**

**v.**

**SARASOTA MOTORCARS, LLC,**
**TAFEL MOTORS, INC., and**
**SARASOTA TOY CARS, LLC d/b/a**
**SARASOTA TOYOTA,**

        **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, BRITTANY GRAHAM, by and through her undersigned counsel and sues the Defendants, SARASOTA MOTORCARS, LLC, TAFEL MOTORS, INC. and SARASOTA TOY CARS, LLC d/b/a SARASOTA TOYOTA. (hereinafter referred to "Defendants") and states as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367.

2.     Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3.      Plaintiff, BRITTANY GRAHAM, is an adult resident of Charlotte County, Florida.  At all times material, Plaintiff was an employee of Defendants within the meaning of the Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

4.      Defendant, SARASOTA MOTORCARS, LLC, is a Foreign Limited Liability Company authorized and doing business in this Judicial District.  At all times material, SARASOTA MOTORCARS, LLC, employed Plaintiff.  At all times material, SARASOTA MOTORCARS, LLC employed the requisite number of employees and, therefore, is an employer as defined by the Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

5.      Defendant, TAFEL MOTORS, INC., is a Foreign Profit Corporation authorized and doing business in this Judicial District.  At all times material, TAFEL MOTORS, INC., employed Plaintiff.  At all times material, TAFEL MOTORS, INC. employed the requisite number of employees and, therefore, is an employer as defined by the Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

6.      Defendant, SARASOTA TOY CARS, LLC. is a Florida Limited Liability Company authorized and doing business in this Judicial District.  SARASOTA TOY CARS, LLC is a successor-in-interest of SARASOTA MOTORCARS, LLC and/or TAFEL MOTORS, INC. and, therefore, is an employer as defined by the Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

7.      Defendants are an integrated enterprise/single employer or joint employers of Plaintiff.

## GENERAL ALLEGATIONS

8.      At all times material, Defendants acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

9.      At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer(s).

10.     Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

11.     Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

12.     On March 26, 2020, Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

13.     On September 3, 2020, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination.  This Complaint is filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

14.     Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

15.     In or around December 2019, Plaintiff began her employment with Defendants as Internet Director.

16.     During Plaintiff's employment with Defendants, Plaintiff understood that she was performing her job to the expectation of Defendants.

17.     Shortly after Plaintiff's employment began with Defendants, Barry Procope (Salesperson) began harassing Plaintiff on a daily basis.  For example, Procope referred to Plaintiff as a "bitch," "fucking bitch," and "cunt."

18.     On one occasion, a female customer heard Procope call Plaintiff a "bitch."

19.     Procope was aggressive with Plaintiff and would say things like "don't touch my fucking customers."

20.     Plaintiff's co-workers heard Procope make vulgar and harassing comments to Plaintiff and would comment to Plaintiff's supervisors: "are you guys not going to do anything about this?"

21.     Starting in approximately mid-January 2020, Plaintiff began reporting Procope's treatment to John Davis (Sales Manager), Sam Ari (Sales Manager), and Joe Atkinson (Executive Vice President/acting General Manager).  The typical response was that management would talk to Procope but his behavior did not change; rather, it escalated.

22.     On February 11, 2020, Davis met with Procope regarding his behavior toward Plaintiff.

23.     Following the meeting with Davis (and after Davis left the dealership), Procope went to Plaintiff's department.  Plaintiff asked Procope if there was anything that she could do to assist him.  Procope ignored Plaintiff and told Robert Miller not to trust anyone except for Tony Poignard.  Again, Plaintiff asked if there was anything that she could do to help Procope

and he ignored Plaintiff for a second time.  At that point, Robert Miller stated to Procope: "Barry, Brittany is talking to you."  Procope stated: "I have nothing to say to that bitch."

24.     Plaintiff asked Procope to leave the department.  Procope began raising his voice to the point where Poignard had to gesture for Procope to lower his voice.  Procope stated that he would not leave the office and they could not make him.

25.     During this exchange, Procope again called Plaintiff a "bitch" and took steps toward Plaintiff in threatening manner.

26.     After the incident, Plaintiff spoke with Robert Mulroy (Sales Manager), explained what happened, and stated that Procope needed to be written-up and should not be permitted to behave in that manner.  Mulroy simply stated: "can't we all just get along?"

27.     On February 12, 2020, Plaintiff spoke to Atkinson about the situation from February 11, 2020.  Atkinson told Plaintiff to put the information in an email and send it to Plaintiff's managers.  Plaintiff complied and sent an email to Atkinson, Davis, Mulroy, and Ari regarding the February 11, 2020 incident with Procope.  Plaintiff noted that the disrespect and confrontation coming from Procope was escalating and seemingly reaching higher levels each time.  Furthermore, Plaintiff requested that a plan be executed to fix the situation.

28.     Nothing was done to stop Procope's behavior.  Based on information and belief, Defendants did not protect Plaintiff from Procope because Procope was one of, if not the top producing salesperson at the dealership.

29.     After sending the email, Plaintiff's responsibilities and authority began to get stripped away.  For example, on February 17, 2020, for the first time Plaintiff was not invited to a managers' meeting.

30.     On March 2, 2020, Plaintiff was terminated from employment with Defendants. Atkinson and Barbie Bartels (Office Manager) informed Plaintiff of the termination. Specifically, Atkinson told Plaintiff that Defendants were "moving in a different direction with the department."  Plaintiff was not provided any other reason for her termination.

31.     Following Plaintiff's termination, Plaintiff was replaced by a male.

## COUNT I
## TITLE VII—SEX HARASSMENT

32.     Plaintiff, BRITTANY GRAHAM, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-one (31).

33.     Plaintiff, a female, is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII").

34.     The aforementioned actions by Barry Procope constitute unwelcome sex-based harassment.

35.     The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

36.     Defendants knew or should have known of the harassment of Plaintiff.

37.     The aforementioned actions created a hostile environment and constitute discrimination on the basis of gender/sex, in violation of Title VII.

38.     The sex-based harassment and conduct of Barry Procope created a hostile work environment which interfered with Plaintiff's ability to perform her job.

39.     Defendants' actions were intentional and encouraged an environment where degradation based on sex was common and tolerated.

40.     Defendants' unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

41.     As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

      a.      Back pay and benefits;

      b.      Prejudgment interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

      e.      Punitive damages;

      f.      Attorneys' fees and costs;

      g.      Injunctive relief; and

      h.      For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT—SEXUAL HARASSMENT

42.     Plaintiff, BRITTANY GRAHAM, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-one (31).

43.     Plaintiff, a female, is a member of a protected class under the Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

44.     The aforementioned actions by Barry Procope constitute unwelcome sex-based harassment.

45.     The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

46.     Defendants knew or should have known of the harassment of Plaintiff.

47.     The aforementioned actions created a hostile environment and constitute discrimination on the basis of gender/sex, in violation of the Florida Civil Rights Act.

48.     The sex-based harassment and conduct of Barry Procope created a hostile work environment which interfered with Plaintiff's ability to perform her job.

49.     Defendants' actions were intentional and encouraged an environment where degradation based on sex was common and tolerated.

50.     Defendants' unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

51.     As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

a.     Back pay and benefits;

b.     Prejudgment interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e.     Punitive damages;

f.     Attorneys' fees and costs;

g.     Injunctive relief; and

      h.      For any other relief this Court deems just and equitable.

**COUNT III**
**TITLE VII - SEX DISCRIMINATION**

52.      Plaintiff, BRITTANY GRAHAM, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-one (31).

53.      Plaintiff, a female, is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII").

54.      By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex by terminating Plaintiff's employment.

55.      Defendants' adverse employment action toward Plaintiff was motivated by sex-based considerations.

56.      Defendants' unlawful and discriminatory employment practices toward Plaintiff were intentional.

57.      Defendants' unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

58.      As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

      a.      Back pay and benefits;

      b.      Prejudgment interest on back pay and benefits;

      c.      Front pay and benefits;

    d.       Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.       Punitive damages;

    f.       Attorneys' fees and costs;

    g.       Injunctive relief; and

    h.       For any other relief this Court deems just and equitable.

**COUNT IV**
**FLORIDA CIVIL RIGHTS ACT - SEX DISCRIMINATION**

59.    Plaintiff, BRITTANY GRAHAM, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

60.    Plaintiff, a female, is a member of a protected class under the Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

61.    By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex by terminating Plaintiff's employment.

62.    Defendants' adverse employment action toward Plaintiff was motivated by sex-based considerations.

63.    Defendants' unlawful and discriminatory employment practices toward Plaintiff were intentional.

64.    Defendants' unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

65.    As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

a.    Back pay and benefits;

b.    Prejudgment interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e.    Punitive damages;

f.    Attorneys' fees and costs;

g.    Injunctive relief; and

h.    For any other relief this Court deems just and equitable.

**COUNT V**
**TITLE VII – RETALIATION**

66.    Plaintiff, BRITTANY GRAHAM, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-one (31).

67.    Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII").   Specifically, Plaintiff opposed sex-based harassment and discrimination by making reasonable, good-faith complaints regarding Barry Procope's harassing and discriminatory behavior.

68.    In retaliation for engaging in protected activity, Plaintiff suffered adverse employment actions when her job responsibilities were reduced and was terminated from her job by Defendants.

69.     Stated differently, the adverse employment actions suffered by Plaintiff at the hands of Defendants are causally connected to her opposition and resistance of sex-based harassment and discrimination.

70.     The aforementioned actions by Defendants constitute retaliation by Defendants in violation of Title VII of the Civil Rights Act of 1964.

71.     Defendants' unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

72.     As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

        a.      Back pay and benefits;

        b.      Prejudgment interest on back pay and benefits;

        c.      Front pay and benefits;

        d.      Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

        e.      Punitive damages;

        f.      Attorneys' fees and costs;

        g.      Injunctive relief; and

        h.      For any other relief this Court deems just and equitable.

## COUNT VI
## FLORIDA CIVIL RIGHTS ACT—RETALIATION

73.     Plaintiff, BRITTANY GRAHAM, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-one (31).

74.     Plaintiff engaged in protected activity by opposing an employment practice made unlawful by the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Specifically, Plaintiff opposed sex-based harassment and discrimination by making reasonable, good-faith complaints regarding Barry Procope's harassing and discriminatory behavior.

75.     In retaliation for engaging in protected activity, Plaintiff suffered adverse employment actions when her job responsibilities were reduced and was terminated from her job by Defendants.

76.     Stated differently, the adverse employment actions suffered by Plaintiff at the hands of Defendants are causally connected to her opposition and resistance of sex-based harassment and discrimination.

77.     The aforementioned actions by Defendants constitute retaliation by Defendants in violation of the Florida Civil Rights Act.

78.     Defendants' unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

79.     As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

    a.      Back pay and benefits;

    b.      Prejudgment interest on back pay and benefits;

    c.      Front pay and benefits;

      d.       Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

      e.       Punitive damages;

      f.       Attorneys' fees and costs;

      g.       Injunctive relief; and

      h.       For any other relief this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

80.     Plaintiff, BRITTANY GRAHAM, demands a trial by jury on all issues so triable.

**DATED** this 5th day of November 2020.

            **FLORIN GRAY BOUZAS OWENS, LLC**

            *Gregory A. Owens*_____
            **GREGORY A. OWENS, ESQUIRE**
            Florida Bar No.: 51366
            greg@fgbolaw.com
            **WOLFGANG M. FLORIN, ESQUIRE**
            Florida Bar No.: 907804
            wolfgang@fgbolaw.com
            16524 Pointe Village Drive, Suite 100
            Lutz, Florida 33558
            (727) 254-5255
            (727) 483-7942 (fax)
            *Trial Attorneys for Plaintiff*